Filed 3/28/25  In re S.S. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | B333278 (Los Angeles County Super. Ct. Nos. 23CCJP02354, 23CCJP02354A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent;<br><br>M.S.<br><br>        Respondent;<br><br>        v.<br><br>F.S. et al.,<br><br>        Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig S. Barnes, Judge. Affirmed.

Emery El Habiby, under appointment for Appellant F.S.

Janelle Brock Price, under appointment for Appellant Minor S.S.

Jack A. Love, under appointment by the Court of Appeal, for Respondent M.S..

No appearance for Department of Children and Family Services.

---

**MEMORANDUM OPINION[1]**

In May 2023, 13-year-old S. reported that her mother's boyfriend, C.B., drank alcohol, abused cocaine, drove while under the influence of alcohol, engaged in domestic violence with mother, inappropriately touched S., and masturbated in front of S. The Los Angeles County Department of Children and Family Services (DCFS) investigated S.'s claims. After a disposition hearing in November 2023 at which mother and S. testified, the juvenile court held that the evidence did not support a finding of jurisdiction.

S. and her father, F.S. (father), appeal, asserting that the evidence supported a finding of jurisdiction based on C.B.'s

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Welfare and Institutions Code.

alleged inappropriate touching and masturbation; they do not challenge the court's ruling as to substance abuse or domestic violence.  Mother filed a respondent's brief, asserting that the juvenile court's ruling should be affirmed.  DCFS did not file a brief.

At the jurisdiction hearing, DCFS had the burden of proving by a preponderance of the evidence that S. was a person described by section 300.  (§ 355, subd. (a); *In re I.J.* (2013) 56 Cal.4th 766, 773.)  The juvenile court held that DCFS did not meet this burden.  When the trier of fact finds that the party with the burden of proof did not carry its burden, the question on appeal is whether the evidence compels a finding in favor of the appellant as a matter of law.  (*In re J.M.* (2023) 89 Cal.App.5th 95, 111.)  "Specifically, the question [is] whether the . . . evidence [presented] was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"  (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528, disapproved on other grounds by *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

Here, the evidence was not uncontradicted and unimpeached. S. initially reported that C.B. made inappropriate comments and touched her on the buttocks several times; she later added an allegation that she walked in on C.B. masturbating, and he continued to masturbate in her presence. S. said she told mother about these incidents soon after they happened.  Mother denied the incidents, stated that S. never told her about them, and offered evidence to show that the masturbation incident could not have occurred on the date S. initially said it occurred.  C.B. also denied the incidents.  Father

3

and a forensic interviewer believed S.; the police detective who interviewed S. did not.

S. and mother both testified at the jurisdiction hearing. The court noted that "the evidence remains largely in dispute," and S.'s "rendition of the facts in several areas has been refuted or at least put in doubt." The court found that the "discrepancies do not resolve the disputed nature of the evidence but only serve to highlight the fact [that DCFS's] evidence falls short of the necessary burden of proof."

On appeal, S. argues that "Mother lacked credibility," and that the court "chose not to consider the evidence which impeached Mother," did not "consider Mother's credibility," "disregard[ed] the abundance of evidence which impeached Mother," and "overlooked the evidence" that supported S. In his appellate brief, father does not offer any argument about the evidence; he simply recounts S.'s statements.

S.'s arguments are an invitation to second-guess the juvenile court's credibility findings, which this court will not do. (See, e.g., *In re L.B.* (2023) 88 Cal.App.5th 402, 412 [on appeal, "'[w]e do not consider the credibility of witnesses or reweigh the evidence'"].) Appellants do not suggest that the juvenile court erroneously excluded any relevant evidence. The court's discussion of the evidence at the time of its ruling demonstrates that the court thoroughly considered the evidence presented by all parties. The court's conclusion that the evidence was insufficient to support DCFS's burden does not demonstrate that the court "failed to consider" certain evidence that appellants deem more persuasive.

Moreover, S. was in father's care at the time of the November 14, 2023 hearing. She had refused to visit mother

since she left mother's home in May 2023, and she had no contact with C.B. after that date. "To establish a defined risk of harm at the time of the hearing, there 'must be some reason beyond mere speculation to believe the alleged conduct will recur.'" (*In re D.L.* (2018) 22 Cal.App.5th 1142, 1146.) Father was a nonoffending parent, and he demonstrated an ongoing willingness to support and protect S. The evidence did not suggest that continued DCFS involvement was needed to ensure S.'s safety. (See, e.g., *In re A.G.* (2013) 220 Cal.App.4th 675, 684-686 [dependency court jurisdiction not required where nonoffending parent could protect children].)

In sum, the evidence does not compel a finding as a matter of law that at the time of the jurisdiction hearing S. was a person described by section 300, subdivision (b) or (d).

## DISPOSITION

The juvenile court's November 14, 2023 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

.

DAUM, J.*

_____

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.